**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Balezos and Peter Balezos, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Cavalry Portfolio Services, LLC, Ewing & Ewing Attorneys, P.C., and Nelson Ewing II,<br>Defendants. | Case No. CV 06-1952-PHX-SMM<br><br>**ORDER** |

Pending before the Court is the Motion to Compel Arbitration (Doc. 44) filed by Defendants Cavalry Portfolio Services, Ewing & Ewing, and Nelson Ewing ("Defendants"). This action arises out of Plaintiffs' Discover Card debt (the debt) that went delinquent and was eventually written off by Discover Card and purchased from Discover Bank by Ecast Settlement Corp. (Ecast). The debt was then assigned to Cavalry SPLV, and thereafter, assigned to Cavalry Portfolio Services (Cavalry). Cavalry retained Ewing & Ewing and Nelson Ewing to recover the debt.

## BACKGROUND

**Procedural History**

In or around 2002, Plaintiffs defaulted on their Discover Card. (SMF ¶ 12). Consequently, Discover sold the plaintiffs' delinquent account to eCast Settlement Corp., which thereafter assigned the debt to Cavalry SPV I, LLC, which in turn assigned the debt to

1 Cavalry. Cavalry then obtained a small claims default judgment against Plaintiffs for the
2 balance due. (SMF ¶ 13).

3 In August 2006, Plaintiffs initiated the current suit against Cavalry and its counsel in
4 the collection suit, Ewing & Ewing Attorneys, P.C. In October 2006, Plaintiffs filed an
5 Amended Complaint against Defendants. It alleges that Defendants violated the following
6 provisions of the Fair Debt Collection Practices Act: §1692e(2), which prohibits
7 misrepresenting the amount or legal status of a debt; § 1692e(5), which prohibits taking or
8 threatening to take an action that cannot legally be taken; § 1692e and e(10), which generally
9 prohibit unfair and deceptive collection practices; and § 1692f(1), which prohibits the
10 collection of any amount, unless it is authorized by the agreement creating the debt or
11 permitted by law. (Amended Complaint, Docket (..Doc...) # 14, ¶ 29). Plaintiffs purport to
12 bring their claims on behalf of a class of Arizona residents from whom the Defendants sought
13 to collect a debt arising from a Discover credit card that Plaintiffs allege included compound
14 interest prohibited under Delaware law.[1] (Doc. # 14 ¶ 20).

15 Defendant Cavalry Portfolio Services filed an Answer to Plaintiff's Amended
16 Complaint on December 12, 2006 (Doc. 17). Thereafter, on May 1, 2007, Defendants Ewing
17 & Ewing and Nelson Ewing filed their Answer to Plaintiffs' Amended Complaint.(Doc. 33).
18 Pursuant to the terms of the agreement between Plaintiffs and Discover Card, and in
19 accordance with the Federal Arbitration Act (FAA), on June 13, 2007, Defendants then filed
20 the pending Motion to Compel Arbitration.[2] (Doc. 44).

**MOTION TO COMPEL ARBITRATION**

22 The threshold inquiry in deciding a motion to compel is whether the parties agreed to

---

[1] Defendants allege that Plaintiffs are wrong in their assertion that compound interest is prohibited under these circumstances in Delaware.

[2] Defendants also filed a Motion for Summary Judgment on June 13, 2007 as an alternative to Defendants' Motion to Compel Arbitration.

- 2 -

arbitrate in the event that a dispute should arise. *Leicht v. Bateman Eichler, Hill Richards, Inc.,* 848 F.2d 130, 132 (9th Cir.1988); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985). "Under § 4 of the FAA, a district court must issue an order compelling arbitration if the following two-pronged test is satisfied: (1) a valid agreement to arbitrate exists; and (2) that agreement encompasses the dispute at issue." *United Computer Systems, Inc. v. AT & T Corp.,* 298 F.3d 756, 766 (9th Cir. 2002). Plaintiffs do not challenge the existence of the arbitration clause or Defendants' standing to enforce that clause. However, Plaintiffs contend that Defendants have waived their rights to arbitration.

According to Ninth Circuit jurisprudence, arbitration rights are subject to constructive waiver if three conditions are met: (1) the waiving party must have knowledge of an existing right to compel arbitration; (2) there must be acts by that party inconsistent with such an existing right; and (3) there must be prejudice resulting from the waiving party's inconsistent acts. *See Hoffman Const. Co. v. Active Erectors,* 969 F.2d 796, 798-99 (9th Cir.1992); *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 765 (9th Cir. 2002). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself *or an allegation of waiver...*" *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 24-25, 103 S.Ct. 927. Waiver of the right to arbitrate is disfavored because it is a contractual right, and thus "any party arguing waiver of arbitration bears a heavy burden of proof." *Ness Townhouses v. Mar Industries Corp.*, 862 F.2d 754, 758 (9th Cir. 1988). In the case at bar, the arbitration clause was included in the original contract entered into between Plaintiff and Discover Card. Furthermore, it is Plaintiffs who have raised the issue of waiver, therefore Plaintiff's carry the burden of proof. The Court finds that, based on the following, Plaintiffs have failed to meet their burden.

**Knowledge of an Existing Right to Compel Arbitration**

It is undisputed that Defendants knew of their existing right to compel arbitration. Thus, Plaintiff's have satisfied the first prong the test for waiver. *United Computer Systems, Inc.,* 298 F.3d 756, 765 (9th Cir. 2002).

**Acts Inconsistent with Existing Right**

Plaintiffs contend that because Defendants have filed stipulations, answered the Complaint, participated in limited discovery, and moved for summary judgment, they have acted inconsistently with their right to arbitrate. The Court respectfully disagrees.[3] Defendants initially raised their right to arbitrate in their Answer as an affirmative defense. (Doc. 17, pg 4). They have appeared in only one pretrial hearing and have merely produced required disclosures in compliance with the rules of law.[4] Fed.R.Civ.P. 26 (a), Fed.R.Civ.P. 7.1. Defendants have agreed to produce a Rule 30(b)(6) witness in compliance with an Order of the Court, and the Court finds that a party seeking arbitration should not lose its contractual right by prudently pursuing discovery in the face of a court-ordered deadline. Furthermore, although Defendants have agreed to produce a witness, as of the date the

---

[3] Plaintiffs cite a plethora of non-binding authority wherein the court found that certain conduct amounted to inconsistent acts. For example, inconsistent acts were found when a party asked for arbitration after filing two demurrers, one cross complaint and a motion to transfer, in addition to compelling arbitration ten months after service. *Sobremonte v. Super. Ct.*, 61 Cal.App.4th 980, 71 Cal. Rptr.2d 43 (1998). Plaintiffs also cite a case wherein the court found that waiver occurred where a party appeared in six pretrial hearings, moved to compel arbitration sixteen months after notice, and made no reference to their right to arbitrate until making a motion to compel. *Lewallen v. Green Tree Servicing,* 487 F.3d 1085 (8th Cir. 2007).

[4] Defendants have filed a Request for Production (Doc. 27); however, one request in pursuit of discovery does not make all of Defendants' actions inconsistent with their rights to arbitrate. *See Lake Communications*, 738 F.2d 1473 (9th Cir. 1984) (*Overruled on other grounds*); *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012 (9th Cir. 2005).

- 4 -

1 Motion to Compel Arbitration was filed, no depositions had been conducted. Therefore, the
2 Court finds that Defendants have not acted in a manner that is inconsistent with arbitration.
3      In support of their argument, Plaintiffs depend on *United Computer Systems*, *Inc. V.*
4 *AT&T Corp.,* 298 F.3d 756 (9th Cir. 2002), wherein the court found that Plaintiffs acted
5 inconsistent with their existing rights when they filed suit instead of paying the
6 administrative fee to commence arbitration. However, this Court finds distinguishable the
7 fact that in the case at bar, it was not Defendants who initiated suit, rather it was Plaintiffs.
8 Thus, the Court finds that Defendants have not acted inconsistently with their existing right
9 to arbitrate simply by complying with the local and federal rules during the course of the
10 lawsuit commenced by Plaintiffs.

11 **<u>Prejudice Against Plaintiffs</u>**

12      Plaintiffs cite to *Lewallen v. Green Tree Servicing*, an Eighth Circuit case, wherein
13 the Court agreed with the plaintiff that prejudice resulted when "[1] parties use discovery not
14 available in arbitration, [2] when they litigate substantial issues on the merits, or [3] when
15 compelling arbitration would require a duplication of efforts." *Lewallen*, 487 F.3d at 1093.
16 First and foremost, this Court points out that Eighth Circuit case law is not binding on this
17 Court. Second, even assuming the case was binding, none of the three aforementioned
18 circumstances apply to the case at bar. With regard to discovery, initial discovery has been
19 conducted, however as of the date the motion was filed, depositions had merely been noticed.
20 There has been no assertion made that the parties have used discovery that will not be
21 available in arbitration, and it is undisputed that there has been no litigation on the merits of
22 this case. Moreover, the Court finds no support for the argument that compelling arbitration
23 would require a "duplication of efforts." Furthermore, in *Lake Communications Inc. v. ICC*
24 *Corp.*, the court found that the compelling party had not waived their right to arbitration
25 despite having participated in limited discovery and having deposed the opposing party's
26 president prior to moving to compel arbitration. *Lake Communications v. ICC Corp.*, 738

27
28

1 F.2d 1473 (9th Cir. 1984) (*Overruled on other grounds*). Courts are reluctant to find prejudice to plaintiffs who have **chosen** to litigate, simply because the defendant litigated briefly in response (e.g., by filing a motion to dismiss or requesting limited discovery) before moving to compel arbitration. *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012 (9th Cir. 2005).

Plaintiffs contend that they are prejudiced by the amount of time and expense of litigation. However, Plaintiffs were not required to respond Defendants' Motion for Summary Judgment, as Defendants' Motion to Compel Arbitration was filed contemporaneously, and thus there were a variety of options available to Plaintiffs in order to conserve resources. For example, Plaintiffs might have sought leave of Court to stay discovery pending resolution of this motion, or might have filed a motion for extension fo time to respond to any other motions or requests until the Court had decided the motion to compel.

Finally, Plaintiffs argue that they have spent time and resources in discovery activity and motions practice over a period of two years, and would thus be prejudiced if forced to arbitrate the matter. However, the costs they incurred in pursuing litigation will not count against Defendants' effort to avoid litigation, commenced by Plaintiffs. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1413 (9th Cir. 1990). Generally, limited discovery, such as that presented in this case, is also available in arbitration. Thus, the Court finds that Plaintiffs have not and would not be prejudiced by arbitration.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Arbitration (Doc. 44) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is **DENIED as MOOT** (Doc. 42).

///

1    **IT IS FURTHER ORDERED** that the Plaintiff's Motion for Class Certification
2 (Doc. 59) is **DENIED as MOOT.**[5]
3    DATED this 14th day of August, 2007.

Stephen M. McNamee
United States District Judge

---

[5]The contract provides in pertinent part:
If either you or we elect arbitration, neither you nor we shall have the right to litigate that claim in court or to have a jury trial on that claim. Prehearing discovery rights and post-hearing appeal rights will be limited. Neither you nor we shall be entitled to join or consolidate claims in arbitration by or against other cardmembers with respect to other accounts, **or arbitrate any claims as a representative or member of a class** or in a private attorney general capacity...(Doc. 44)