**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Balezos and Peter Balezos, et al., ) | No. CV-06-1952-PHX-SMM |
| ) Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Cavalry Portfolio Service, LLC, et al., ) | |
| ) Defendants. ) | |
| ) | |

Pending before the Court is Plaintiffs' Motion for Clarification of the Court's Order (Doc. 72) compelling this case into arbitration. With the Court's permission, the Defendants filed a Response to this Motion, and after careful consideration, the Court issues the following ruling.

On August 27, 2007, Plaintiffs filed the current motion wherein they requested that the Court enter an Order clarifying its Order of August 15, 2007, to note that the Order "does not apply to Defendants Ewing & Ewing, P.C., and Nelson Ewing, II" (hereinafter referred to collectively as Ewing Defendants). After careful consideration, the Court finds that clarification is not necessary and all parties are subject to arbitration.

Pursuant to the Order entered August 27, 2007, the Court determined that Plaintiffs' Discover Cardmember Agreement included a right to compel arbitration and that Defendants did not waive their right to compel arbitration. The Court finds it necessary at this point to turn to the relevant language of the cardmember agreement at issue:

> Our rights and obligations under this arbitration provision shall inure to the benefit of and be binding upon our parent corporations, subsidiaries, affiliates

(including, without limitation, Discover Financial Services, Inc.), predecessors, successors, assigns.. **and will also inure to the benefit of any third party named as a co-defendant with us or with any of the foregoing in a claim which is subject to this arbitration provision**. (emphasis added).

(*see* Motion to Compel Arbitration, p. 3, and SMF ¶6).

Based on the explicit language of the Agreement, the Ewing Defendants are subject to the arbitration provision. The Ewing Defendants are third-parties to the cardmember agreement and are named as co-defendants with Cavalry, a Defendant that the Court previously unequivocally determined is subject to the arbitration agreement. Moreover, Cavalry hired the Ewing Defendants as its attorneys to recover the Plaintiffs' delinquent debt through litigation; therefore, there are no separate factual allegations or distinct legal theories alleged against the Ewing Defendants. They are being sued solely because of their actions taken on behalf of Cavalry, as Cavalry's agents and attorneys.

Finally, the Court agrees with Defense counsel that neither *Karnette v. Wolpoff & Abramson,* 444 F. Supp. 2d 640, 646 (E.D. Va. 2006) nor *Bontempo v. Wolpoff & Abramson,* 2006 WL3040905 (W.D. Penn. 2006) have either precedential[1] or persuasive value, considering their striking factual distinctions. As correctly noted by Defense counsel, those decisions involved an arbitration provision that contained language that *limited* its application to third-parties; arbitration applied to third-parties *only* if the third-parties were named as co-defendants *with the original creditor*. In each of those cases, the collecting law firm was the lone defendant. This is clearly not the case here, as the agreement sub judice contains no such limiting language. Consequently, the Court finds that, as third-parties to the cardmember agreement and co-defendants with Cavalry, the Ewing Defendants are subject to the arbitration provision of the cardmember agreement.

The Court does not disagree with Plaintiffs that the threshold inquiry in deciding whether to compel arbitration is whether the parties agreed to arbitrate in the event that a

---

[1] Neither case is out of Arizona or the Ninth Circuit.

- 2 -

dispute should arise. *Leicht v. Bateman Eichler, Hill Richards, Inc.*, 848 F.2d 130, 12 (9th Cir. 1998). Plaintiffs voluntarily entered into an agreement whereby they agreed to arbitrate claims associated with credit card. The fact that Cavalry was forced to retain counsel to collect Plaintiffs' debt, and that Plaintiffs chose to file claims against said counsel as well as Cavalry, does not alter the fact that Plaintiffs voluntarily agreed to arbitrate such matters.

Accordingly,

**IT IS HEREBY ORDERED DENYING** Plaintiffs' Motion for Clarification of the Court's Order Compelling this Case into Arbitration (Doc. 72).

**IT IS FURTHER ORDERED** that the Ewing Defendants are subject to the arbitration provision of the cardmember agreement.

DATED this 21st day of September, 2007.

_____
Stephen M. McNamee
United States District Judge